

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Sisk v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sisk v. USA" (2004). *2004 Decisions.* Paper 812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 03-3022

———————

CRAIG W. SISK; MARY SISK
Appellants

v.

UNITED STATES OF AMERICA; LUCIA MANCINI,
in her employment capacity as an employee of the
Veterans Affairs Medical Center at Lyons, New Jersey,
and in her individual capacity

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvaia
(D.C. Civil Action No. 01-cv-00937)
District Judge:  Hon. A. Richard Caputo

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2004

BEFORE:  RENDELL, STAPLETON and LAY,* Circuit Judges

(Opinion Filed : April 19, 2004)

———————

* Hon. Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

1

STAPLETON, Circuit Judge:

Appellant Craig W. Sisk is a Vietnam veteran with Post Traumatic Stress Disorder ("PTSD"). Appellee Lucia Mancini is an employee at a Veterans Affairs Medical Center. Sisk alleges that Mancini violated his right to privacy by accessing his medical records and publishing sensitive, confidential information. He brought this action against Mancini based on *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and the Privacy Act, 5 U.S.C. § 552a. He sued the United States under the Federal Tort Claims Act.

The District Court granted summary judgment in favor of the United States and declined to exercise its supplemental jurisdiction over the claims against Mancini. Sisk appeals only the disposition of his claims against the United States.

Sisk alleges that Mancini, his neighbor, accessed his file at the Medical Center without his permission and used the information she found in his file in a letter she wrote to the Department of Veteran's Affairs accusing Sisk of fraudulently applying for disability benefits. While noting that Sisk's version of the facts differed substantially from that of Mancini, the District Court held that under either version Mancini's actions

2

were taken for personal reasons and were not in any way intended to serve the interests of her employer. The Court noted, in particular, that Mancini sent her letter on personal stationery "as a United States taxpaying citizen," and that Mancini had been reprimanded by her employer for her actions. Accordingly, the District Court held that Mancini did not act within the scope of her employment when she wrote her letter disclosing the confidential information.

Our review is plenary. Based on our review of the record, we conclude that the District Court properly granted summary judgment for the reasons it gave in its opinion. Contrary to Sisk's suggestion, it did not make credibility determinations in reaching its conclusion.

The judgment of the District Court will be affirmed.